United States District Court
Southern District of Texas
**ENTERED**
February 14, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| INNOVATIVE SPORTS MANAGEMENT, INC., d/b/a INTEGRATED SPORTS MEDIA as Broadcast Licensee of the November 17, 2020 Uruguay v. Brazil Soccer Game, §§§§§§ *Plaintiff,* § VS. § § PAISA'S TRUCK LLC, individually, and d/b/a § PAISA'S TRUCK RESTAURANT; 2) JOSE § MARQUEZ RAMIREZ a/k/a JOSE § MARQUEZ, individually, and d/b/a PAISA'S TRUCK RESTAURANT, *Defendants.* | CIVIL ACTION NO. 4:22-cv-04105 |

## ORDER

Pending before the Court is a Motion for Default Judgment filed by Plaintiff Innovative Sports Management, Inc. ("Plaintiff" or "Innovative"). (Doc. No. 13). Defendants Paisa's Truck LLC, d/b/a Paisa's Truck Restaurant, Jose Marquez Ramirez a/k/a Jose Marquez, and Paisa's Truck Restaurant (collectively, "Defendants") have been served, have not appeared in the case, and have not filed a response of any kind. Nevertheless, for the reasons explored below, the Court hereby **DENIES** Plaintiff's motion.

### I.   Background

Plaintiff's Complaint alleges that it is the broadcast licensee of the November 17, 2020 Uruguay v. Brazil soccer game. Plaintiff alleges that it is the license company that was exclusively authorized to sub-licensed the closed-circuit telecast of the game at theaters, arenas, bars, clubs, lounges, and restaurants in Texas. Plaintiff claims that Defendants "willfully intercepted or received the interstate communication" of the game telecast, misappropriating Plaintiff's licensed

exhibition of the game and infringing on Plaintiff's exclusive rights while avoiding payment. (Doc. No. 13 at 11). Plaintiff states a cause of action against Defendants under 47 U.S.C. § 553 or § 605 and demands a judgment against Defendants jointly and severally for:

A. Statutory damages in an amount up to Ten Thousand Dollars ($10,000.00) pursuant to 47 U.S.C. § 553(c)(3)(A)(ii);
B. Statutory damages for willfulness in an amount up to Fifty Thousand Dollars ($50,000.00), pursuant to 47 U.S.C. § 553(c)(3)(B);
C. Statutory damages in an amount up to Ten Thousand Dollars ($10,000.00) pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II);
D. Statutory damages in an amount up to One Hundred Thousand Dollars ($100,000.00) pursuant to 47 U.S.C. § 605(e)(3)(C)(ii);
E. Full costs and expenses of this action, including reasonable attorney's fees, pursuant to 47 U.S.C. §§ 553(c)(2)(C) and 605(e)(3)(B)(iii);
F. Pre and post-judgment interest at the highest rate permitted by law; and
G. Such other and further relief to which Plaintiff is entitled.

(Doc. No. 1 at 5).

Despite having been served with process, Defendants have not appeared in the case or filed any responsive pleadings. On April 13, 2023, the clerk entered the Defendants' default. (Doc. No. 15). Plaintiff also moved for default judgment pursuant to Federal Rules of Civil Procedure 55(b).[1]

## II. Legal Standard

After default is entered, a plaintiff may seek default judgment under Federal Rule of Civil Procedure 55(b). *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). The plaintiff must submit evidence supporting that the defendant has been properly served with the summons, complaint, and the default judgment motion. *James Avery Craftsman, Inc. v. Sam Moon Trading*

---

[1] On August 8, 2023, Plaintiff filed a "Notice of Filing Order" (Doc. No. 17) and attached an Order signed by Senior United States District Judge Terry J. Hatter, Jr. directing Plaintiff to cease prosecuting all pending lawsuits in other courts due to the revocation of Plaintiff's New Jersey certificate of incorporation in 2015 for failure to pay the fees associated with its annual reports. This Court then ordered Plaintiff to show cause why the Clerk's Entry of Default should not be set aside, why this case should not be dismissed, and/or why counsel for Plaintiff should not be sanctioned. (Doc. No. 18). Plaintiff responded, asserting that Plaintiff has taken the necessary steps and actions to secure compliance with the reinstatement requirements in New Jersey and that Plaintiff was restored to a corporation in good standing by the New Jersey Department of the Treasury on August 22, 2023. (Doc. No. 19).

2

*Enters., Ltd.*, No. 16-CV-463, 2018 WL 4688778, at *3 (W.D. Tex. July 5, 2018) (citing *Bludworth Bond Shipyard, Inc. v. M/V Caribbean Wind*, 841 F.2d 646, 649–51 (5th Cir. 1988)); *Hazim v. Schiel & Denver Book Grp.*, No. H-12-1286, 2013 WL 2152109, at *1 (S.D. Tex. May 16, 2013); S.D. TEX. LOCAL R. 5.5 ("Motions for default judgment must be served on the defendant-respondent by certified mail (return receipt requested)."). Absent proper service, a district court does not have personal jurisdiction over the defendant, and any default judgment is void. *See Recreational Props., Inc. v. Sw. Mortg. Serv. Corp.*, 804 F.2d 311, 314 (5th Cir. 1986).

A "party is not entitled to a default judgment as a matter of right." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam) (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)). "Defaults are 'generally disfavored.'" *Koerner v. CMR Constr. & Roofing, L.L.C.*, 910 F.3d 221, 225 (5th Cir. 2018) (quoting *Mason & Hanger-Silas Mason Co. v. Metal Trades Council of Amarillo & Vicinity, AFL-CIO*, 726 F.2d 166, 168 (5th Cir. 1984)). The Fifth Circuit favors "resolving cases on their merits." *Sindhi v. Raina*, 905 F.3d 327, 331 (5th Cir. 2018) (quotation omitted). "This policy, however, is 'counterbalanced by considerations of social goals, justice and expediency, a weighing process that lies largely within the domain of the trial judge's discretion.'" *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999) (alterations omitted) (quoting *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990)). The court may enter default judgment where "the adversary process has been halted because of an essentially unresponsive party." *Sun Bank of Ocala v. Pelican Homestead & Savings Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (quoting *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970)).

"A default judgment is unassailable on the merits but only so far as it is supported by the well-pleaded allegations, assumed to be true." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d

490, 496 (5th Cir. 2015) (quoting *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). "There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co.*, 515 F.2d at 1206. For the court to enter default judgment, the complaint must satisfy Federal Rule of Civil Procedure 8. *See Wooten*, 788 F.3d at 497–98. "On appeal, the defendant, although he may not challenge the sufficiency of the evidence, is entitled to contest the sufficiency of the complaint and its allegations to support the judgment." *Nishimatsu Constr. Co.*, 515 F.2d at 1206.

Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 573 (2007).

Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility than a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

### III. Analysis

Courts in the Fifth Circuit have developed a three-part test to determine whether a default judgment should be entered. First, the court must consider whether the entry of default judgment is "procedurally warranted." *Nasufi v. King Cable Inc.*, No. 3:15-CV-3273-B, 2017 WL 6497762, at *1 (N.D. Tex. Dec. 19, 2017) (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)). Second, the court assesses the substantive merits of the plaintiff's claims to determine whether

there is a "sufficient basis in the pleadings for the judgment." Id. at *2 (citing *Nishimatsu Constr. Co.*, 515 F.2d at 1206). Third, the court determines "what form of relief, if any, the [plaintiff] should receive." *Id.* (alteration in original) (quoting *United States v. 1998 Freightliner VIN #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008)). The Court will address each step in turn.

Whether the entry of default judgment is procedurally warranted depends on the following factors identified by the Fifth Circuit:

> [1] whether material issues of fact are at issue; [2] whether there has been substantial prejudice; [3] whether the grounds for default are clearly established; [4] whether the default was caused by a good faith mistake or excusable neglect; [5] the harshness of a default judgment; and [6] whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey*, 161 F.3d at 893.

First, Defendants have not filed an answer or any responsive pleadings since being served in this case; consequently, there are no material facts in dispute. See *Nishimatsu Constr. Co.*, 515 F.2d at 1206 ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established."). Second, Defendants' "failure to respond threatens to bring the adversary process to a halt, effectively prejudicing Plaintiffs interests." *Ins. Co. of the W. v. H & G Contractors, Inc.*, No. C–10–390, 2011 WL 4738197, at *3 (S.D. Tex. Oct. 5, 2011). Third, grounds for default are clearly established given that, as reflected by the record and noted in the Clerk's Entry of Default, "Defendants failed to plead or otherwise defend in this case as required by law." (Doc. No. 15). Fourth, there is no indication that Defendants' silence is the result of a "good faith mistake or excusable neglect." *Lindsey*, 161 F.3d at 893. Fifth, Plaintiff seeks only the relief to which it is entitled under the law, mitigating the harshness of a default judgment against Defendants. *See id.*

While there were some questions concerning the sixth factor, Plaintiff adequately responded to this Court's Order to Show Cause (Doc. No. 18) by assuring this Court that it had been restored to a corporation of good standing in New Jersey. The Court therefore is not concerned about whether it was authorized to enter into contracts during the period in which its certificate of incorporation had been revoked.

Nevertheless, even if default judgment were procedurally warranted, Plaintiff has failed to provide a "sufficient basis" for entering default judgment. *Nasufi*, 2017 WL 6497762, at *2. The Media Rights Agreement between Pitch International, LLP and Innovative Sports Management, Inc. shows that Innovative had exclusive transmission rights for soccer games that the National Senior Team of Brazil plays as a home team during the South American qualifiers of the 2022 FIFA World Cup. (Doc. No. 13-1 at 17). The Agreement explicitly commenced on June 3, 2021 and continued "through a period of seventy-two (72) hours following the later of (a) March 29, 2022 and (b) the delivery to ISM of all Games, unless terminated earlier[.]" (*Id.*). This Agreement was attached to Plaintiff's Motion for Default Judgment as Exhibit A-1. Plaintiff alleges, however, that the unauthorized interception and broadcast by Defendants occurred on November 17, 2020. That game predates the contract by over six months. Plaintiff does not provide any evidence that it possessed the broadcast rights for the Uruguay v. Brazil soccer game on November 17, 2020. Plaintiff alleges in its motion that it possessed the proprietary rights to exhibit and sublicense the game and therefore that the game was legally available to commercial establishments in Texas "only through an agreement with Plaintiff;" however, the only Agreement attached to the Motion has an effective date of June 3, 2021.

Given that Plaintiff has failed to provide a sufficient basis to show that it actually possessed the propriety rights to exhibit and sublicense the November 17, 2020 Uruguay v. Brazil soccer

game, the Court hereby **DENIES** Plaintiff's Motion for Default Judgment. The Court further **ORDERS** Plaintiff to show cause why this Court should not order the Clerk to set aside the Entry of Default against all Defendants and why this Court should not dismiss this case because it fails to state a claim upon which relief can be granted. Plaintiff has until March 1, 2024 to file such a response.

Signed at Houston, Texas, on this the 14th day of February 2024.

Andrew S. Hanen
United States District Judge